UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY HATCHER,

    Plaintiff,

v.       Case No.: 2:24-cv-01133-SPC-NPM

JON CARNER, ROBERT HOUSTON, and ALICIA RAWLS,

    Defendants,

## OPINION AND ORDER

Before the Court are Defendants Jon Carner and Robert Houston's Motion to Dismiss Plaintiff's Complaint (Doc. 35) and Defendant Alicia Rawls' Motion to Dismiss Plaintiff's Complaint (Doc. 41).

## Background

Plaintiff Jeffrey Hatcher is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). He sues three FCCC officials for failing to protect him from another resident.[1] The defendants move for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). The Court recounts the factual background as pled in Hatcher's complaint, which

---

[1] The caption of Hatcher's complaint lists the FCCC as a defendant, but the body of the complaint suggests he only intended to sue the three individual defendants. In his response to Carner and Houston's motion to dismiss, Hatcher clarifies that he did not intend to sue the FCCC or the company that operates it. The Court thus recognizes that the FCCC is not a party to this case.

it must take as true to decide whether the complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On October 28, 2023, FCCC resident Michael Velez tried to hit Hatcher with a broom handle but missed. An officer named Mitchell witnessed the attack and filed an incident report, and Velez was confined to a secure cell. Hatcher claims standard FCCC protocol required officials to confine Velez for 72 hours. For the next three days, Velez shouted death threats to Hatcher from his cell loud enough for staff to hear. Hatcher told staff he feared Velez, and he submitted communication forms to Carner requesting separation from Velez.

On October 31, 2023, Rawls ordered Velez released from confinement and returned to the open wing with Hatcher, despite knowledge that Velez had attacked Hatcher. Hatcher claims Carner and Houston must have known because they had to authorize Velez's release from the cell. Hatcher also claims he told unnamed staff he had an ongoing conflict with Velez and feared violence if they were not separated. The staff ignored Hatcher and released Velez, claiming defendants ordered them to do so. Within minutes, Velez attacked Hatcher in an enclosed recreational area, and Hatcher defended himself. Staff arrived and separated the men, and both received disciplinary reports for fighting. Houston ultimately found Hatcher guilty of a rule infraction.

Hatcher asserts the defendants knew or should have known that Velez posed an imminent danger but failed to protect him. As a result, Hatcher claims he suffered injuries to his neck, back, and hands. He also claims psychological injury—specifically anxiety attacks, nightmares, inability to sleep, depression, loss of appetite, humiliation, and triggering of pre-existing post-traumatic stress disorder. He seeks declaratory and injunctive relief, compensatory damages, and punitive damages.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions

amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Hatcher files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Hatcher is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

## Discussion

Hatcher's complaint asserts claims against the defendants in their official and individual capacities. The defendants argue Hatcher fails to state a claim against them in either capacity, they challenge his claims for

declaratory and injunctive relief, and they ask the Court to forgo supplemental jurisdiction over any construed state-law negligence claims.

### A. Official-capacity claims

A suit against a government officer in his or her official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York Cty. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To prevail on an official-capacity claim, a plaintiff must show that a policy or custom of the governmental entity was a moving force behind the violation of federal law. *Id.*

The defendants are employees of Wellpath Recovery Solutions, a private entity hired by the State of Florida to operate the FCCC. *Monell* and its progeny apply here because by running the FCCC, Wellpath "performs a function traditionally within the exclusive prerogative of the state." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). The defendants argue Hatcher fails to identify a policy or custom of Wellpath that contributed to the alleged constitutional violation. Hatcher concedes the point. He states he does not seek to hold Wellpath liable because "[n]one of [the defendants] actions or omissions align with any known policy[.]" (Doc. 37). The Court will thus dismiss the official-capacity claims.

## B. Individual-capacity claims

Hatcher's complaint uses a variety of legal terms to describe the defendants' conduct, like "culpable negligence" and "reckless endangerment." But as the Court construes them, Hatcher's claims are best considered within an Eighth Amendment failure-to-protect framework.

In *Youngberg v. Romeo*, the Supreme Court held that that involuntarily committed have a right to reasonably safe conditions of confinement under the Fourteenth Amendment's Due Process Clause. 457 U.S. 307, 322 (1982). Those rights are "at least as extensive" as the Eighth Amendment rights of prisoners, so "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." *Dolihite v. Maughon*, 74 F.3d 1027, 1041 (11th Cir. 1996).

The Eighth Amendment's "prohibition on cruel and unusual punishments requires prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Cox v. Nobles*, 15 F.4th 1350, 1357 (11th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "But that does not mean that prison officials are liable for every act of inmate-on-inmate violence." *Daniels v. Felton*, 823 F. App'x 787, 789 (11th Cir. 2020). A plaintiff must demonstrate three elements to establish a failure-to-protect claim: (1) confinement conditions posing a substantial risk of serious harm; (2) an

official's deliberate indifference to that risk; and (3) causation. *Cox*, 15 F.4th at 1358.

The first element of a failure-to-protect claim "is assessed objectively and requires the plaintiff to show conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (internal quotation marks and citation omitted). The second element—deliberate indifference—requires: "(1) the defendants' subjective knowledge of the risk of serious harm; (2) disregard of that risk; and (3) conduct that amounts to more than mere negligence." *Daniels*, 823 F. App'x at 789. To be liable, each defendant "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and also draw the inference." *Marbury*, 936 F.3d at 1233 (cleaned up).

The defendants argue Hatcher failed to plausibly allege they acted recklessly to a known risk of serious harm. Their arguments largely come down to a lack of precision in Hatcher's allegations regarding what each defendant knew about the risk Velez posed to Hatcher. But the Court finds Hatcher's allegations adequate to survive a Rule 12(b)(6) challenge. Hatcher alleges Carner and Houston learned of the initial incident from officer Mitchell's report. While Hatcher does not describe what details the report contained, the Court can reasonably infer it stated that Velez attacked Hatcher

with a broom handle. Hatcher also alleges he submitted communication forms to Carner expressing fear over the death threats Velez shouted from his cell. As for Rawls, Hatcher alleges she was aware of the first assault and the risk created by releasing Velez into the open dorm with Hatcher.

Hatcher plausibly alleges that each defendant knew Velez was confined to a cell for three days because he attacked Hatcher with a broom handle, and that they decided to release Velez into an open wing with Hatcher or approved the decision. He also alleges "staff"—including at least Carner and Rawls—knew Velez shouted death threats at Hatcher while confined. The Court finds these allegations adequate to state a failure-to-protect claim under the Fourteenth Amendment. The defendants raise legitimate questions about what exactly Hatcher communicated to them, but those questions should be left for summary judgment or trial.

**C. Declaratory and injunctive relief**

In addition to damages, Hatcher's complaint seeks a "declaration that the acts and omissions described herein violated the Plaintiff's rights under the Constitution and laws of the United States." (Doc. 1 at 16). Hatcher also asks the Court for an injunction ordering the defendants "to cease and desist all hostilities and harassment of the Plaintiff, including but not limited to threats or actions to retaliate against the Plaintiff in the form(s) of further endangerment, planting contraband on the Plaintiff, fictitious disciplinary

reports, deprivation of permissible property, persuading violence against the Petitioner, unjust confinement or persecution and any other harmful conduct not stated specifically herein." (*Id.*).

The defendants move to dismiss Hatcher's "claims" for declaratory and injunctive relief. Their premise is flawed because these are remedies Hatcher seeks, not claims he asserts. A Rule 12(b)(6) motion is not the appropriate means of challenging the availability of a remedy. Rather, most courts in the Eleventh Circuit recognize an inherent authority to strike requests for unavailable remedies from pleadings under Rule 12(f). Even construing the defendants' arguments under the appropriate rule, the Court rejects them.

The defendants challenge Hatcher's request for declaratory relief because it "is tantamount to asking for a resolution of Plaintiff's § 1983 claims on the merits, and there is no basis for such declaratory relief, separate or independent from the merits of Plaintiff's § 1983 claims." (Doc. 35 at 19-20). Neither argument makes much sense. There is obviously nothing wrong with Hatcher asking the Court to resolve his claims on the merits. And declaratory judgment does not require a basis separate from the underlying claims. Like other remedies, it is dependent on the plaintiff's claim—not separate from it.

As for the request for injunctive relief, the defendants correctly point out that Hatcher does not allege the "hostilities and harassment" he wants enjoined have occurred or are likely to occur. "A district court should not issue

an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). Based on the allegations currently before the Court, Hatcher is not entitled to the injunctive relief he requests. But Hatcher could be entitled to a more narrowly tailored injunction. *See* 18 U.S.C. § 3626.

The Court will not strike or "dismiss" Hatcher's requests for declaratory or injunctive relief because they are legally available remedies for Hatcher's claims, even if some of the particulars of his requests appear overly broad at this stage of the case.

### D. State-law claims

Finally, assuming Hatcher's federal claims will be dismissed, the defendants urge the Court not to exercise supplemental jurisdiction over any construed state-law negligence claims. This request is moot for two reasons. First, Hatcher's federal claims survive the motion to dismiss. Second, the Court does not construe Hatcher's complaint to assert any state-law claims. While Hatcher characterizes the defendants' conduct as negligent, he explicitly brings this action under § 1983, and he does not attempt to allege the elements of a negligence claim under Florida law.

Accordingly, it is

**ORDERED**:

Jon Carner and Robert Houston's Motion to Dismiss Plaintiff's Complaint (Doc. 35) and Defendant Alicia Rawls' Motion to Dismiss Plaintiff's Complaint (Doc. 41) are **GRANTED in part and DENIED in part**.

1. Hatcher's official-capacity claims are **DISMISSED**.

2. The defendants must answer Hatcher's complaint within 14 days of this Order.

3. The Clerk is **directed** to remove the Florida Civil Commitment Center as a party on the CM/ECF docket.

**DONE** and **ORDERED** in Fort Myers, Florida on July 31, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: all parties